

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-18-00818-CV

**IN RE FIRETROL PROTECTION SYSTEMS, INC.**

Original Mandamus Proceeding[1]

Per Curiam Opinion by: Luz Elena D. Chapa, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Beth Watkins, Justice

Delivered and Filed: February 27, 2019

Because I believe the trial court erroneously concluded the "[t]he Rule 11 Agreements between the Parties regarding deadlines for designating expert witnesses are controlling," I would partially grant the petition for writ of mandamus filed by Firetrol Protection Systems, Inc. to vacate the trial court's orders: (1) denying Firetrol's motion requesting an extension of the deadline to designate its experts or leave to file a late designation; and (b) striking Firetrol's amended designation of expert witnesses. Because the trial court concluded the Rule 11 agreements were controlling, the trial court clearly erred by failing to correctly apply the law which allowed it to exercise discretion in deciding whether good cause existed to allow Firetrol to amend its expert designation. Because the majority holds to the contrary, I respectfully dissent.

---

[1] This proceeding arises out of Cause No. 2016CI07805, styled *Tony Escamilla, et al. v. Firetrol Protection Systems, Inc., et al.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Rosie Alvarado presiding.

BACKGROUND

The underlying lawsuit arises from a fire at the Wedgewood Senior Apartments. Over 100 plaintiffs sued several defendants, including Firetrol, for personal-injury damages arising from the fire. In the lawsuit, the plaintiffs alleged Firetrol "failed to adequately inspect, test, and maintain Wedgewood's fire alarm system and to ensure it complied with" applicable codes, standards, and regulations. The case was designated as "complex."

On February 15, 2017, the trial court signed a docket control order pursuant to which trial was set for March 1, 2018, and the plaintiffs and defendants were ordered to designate their expert witnesses by September 22, 2017 and December 8, 2017, respectively. The docket control order stated: "Any deadlines established by this Discovery Control Plan can be extended by a Rule 11 Agreement signed by all parties or upon Order of the Court for good cause shown."

In October and November 2017, the plaintiffs and Firetrol entered into Rule 11 agreements[2] extending the deadlines for expert designations. Under the agreements, Firetrol's deadline to designate experts was February 5, 2018.

On January 12, 2018, Firetrol filed a motion for continuance, asking for a 180-day continuance of the March 1, 2018 trial setting and for a new docket control order. In the motion, Firetrol noted depositions had been taken of ninety plaintiffs and seven Firetrol employees; however, sixteen plaintiffs and numerous fact witnesses had yet to be deposed, including relevant witnesses from the city's fire and building departments. In addition, Firetrol noted the plaintiffs designated seven liability experts and seven general damages experts in addition to designating all of the plaintiffs' treating physicians as experts. The trial court did not rule on the request for a new docket control order but continued the trial to June 22, 2018.

---

[2] Because the parties referred to the agreements as Rule 11 agreements, I use the same reference; however, I acknowledge they could also be referred to as Rule 191.1 agreements.

On February 5, 2018, Firetrol designated its liability experts. About a month later, on March 9, 2018, Firetrol filed a motion to extend the deadline to designate experts or, in the alternative, leave to late designate experts ("motion for leave"). Following a March 14, 2018 hearing, the trial court took Firetrol's motion under advisement but continued the trial to September 14, 2018. Two weeks later, the trial court notified the parties that Firetrol's motion for leave was denied.

On May 3, 2018, Firetrol served plaintiffs with an amended designation of expert witnesses, and later filed a motion to accept the amended designation as timely. The plaintiffs opposed the amended designation, arguing the Rule 11 agreements were controlling and the trial court had a duty to enforce the terms of the agreements. The plaintiffs also filed motions to strike the amended designation, arguing Firetrol could not show good cause or no unfair prejudice under Rule 193.6 of the Texas Rules of Civil Procedure.[3]

On May 21, 2018, the trial court held a hearing on the plaintiffs' motions to strike. At the hearing, the plaintiffs argued "the Court has no discretion to grant the motion filed by [Firetrol.] [I]f you enter into a Rule 11 agreement, you are bound by that agreement regarding designation of experts, and the Court has no option but to follow that agreement. . . . [T]he trial court is duty-bound to follow the Rule 11 agreement. . . . Unequivocally, Your Honor, in the state of Texas you have no discretion but to follow it." Following the May 21 hearing, the trial court took the issue under advisement.

---

[3] Rule 193.6 provides: "A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties." TEX. R. CIV. P. 193.6(a).

On July 3, 2018, Firetrol filed a motion for continuance noting 121 depositions had been completed; however, several relevant fact witnesses had yet to be deposed partially due to resistance to the deposition process by non-parties. Firetrol also noted the plaintiffs had designated all of their treating physicians as experts in addition to fourteen additional expert witnesses, and expert depositions were still in progress. Finally, Firetrol noted the plaintiffs continued to supplement discovery responses with additional document production, including document production for one trial group that was in excess of 20,000 pages.[4]

On August 23, 2018, the trial court signed an order granting the motions to strike. In the order, the trial court specifically found "[t]he Rule 11 Agreements between the Parties regarding deadlines for designating expert witnesses are controlling . . . ." That same day, the trial court continued the trial to March 29, 2019. Thereafter, the trial was continued on the trial court's own motion to May 10, 2019.

## DISCUSSION

As previously noted, the trial court's orders precluding Firetrol from amending its expert designation are based on the trial court's conclusion that "[t]he Rule 11 Agreements between the Parties regarding deadlines for designating expert witnesses are controlling." In reaching this conclusion, I believe the trial court erred by failing to correctly apply the law. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

"Except where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by the agreement of the parties or by court order for good cause." TEX. R. CIV. P. 191.1. Although the Texas Supreme Court has indicated courts should be "reluctant to set aside a Rule 191.1 agreement after one party has acted in reliance

---

[4] At some point, the trial court ordered the case to proceed to trial on liability and damages with twelve plaintiffs, and then further groups of twelve plaintiffs as to damages only.

on the agreed procedure and performed its obligations under the agreement," the court still recognized a trial court has the discretion to set aside a Rule 191.1 agreement by examining the grounds asserted for setting such an agreement aside. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d at 846-48 (examining grounds to determine if they provided "'good cause' for setting aside the discovery agreement"). If the trial court was without discretion to decide whether "good cause" had been shown, the Texas Supreme Court would not have analyzed each of the grounds asserted for setting the agreement aside. Ultimately, the Texas Supreme Court held the trial court abused its discretion because the grounds asserted did not "justify a refusal to enforce the agreement." *Id.* at 847-48. However, this holding clearly recognized the trial court had the discretion to set aside the Rule 191.1 agreement if good cause was shown.

By concluding the Rule 11 agreements in this case were "controlling," I believe the trial court clearly abused its discretion by accepting the plaintiffs' argument that it had "no discretion but to follow [the Rule 11 agreements]." Although I would vacate the existing orders, I believe the trial court must still exercise its discretion to decide if Firetrol showed good cause for amending its expert designation. Because the majority holds to the contrary, I respectfully dissent.

Sandee Bryan Marion, Chief Justice